UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF TREASURY, | ) ) ) | Civil Action No. 2: 25-049-DCR |
| Plaintiff, | ) ) | |
| V. | ) ) | |
| NATIONAL TREASURY EMPLOYEES UNION, CHAPTER 73, | ) ) ) ) | **ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Counsel for the Defendant National Treasury Employees Union, Chapter 73 ("Chapter 73") has tendered a motion to clarify [Record No. 18] in response to the Court's decorum order entered yesterday [Record No. 17]. Chapter 73 requests clarification regarding the anticipated scope of the proceedings set for this Friday, April 25, 2025. More specifically, it wants to understand whether the parties are expected to present evidence, which issues will be addressed, and whether additional briefing will be required after oral argument. Finally, it moves the Court, again, to continue Friday's hearing.

As an initial matter, the Court's decorum order provides general expectations for litigants participating in a hearing before the undersigned. On occasion, such hearings do involve the presentation of evidence. Further, the issues before the Court could necessitate an evidentiary hearing in the future but that is not what is planned at this time. Therefore, the decorum order is a standing order that will control, to the extent it applies, throughout the pendency of this matter.

While Chapter 73 was not served until April 17, 2025, it admits that it was made aware of this lawsuit on March 31, 2025. [Record No. 15-1 at 5] That same day, Chapter 73's parent union, National Treasury Employees Union ("NTEU"), swiftly instituted legal action seeking to enjoin the relevant Executive Order in the U.S. District Court for the District of Columbia. *Id.* Not only that, but once this Court set a date for oral argument, NTEU moved the D.C. court for a hearing on their motion for a preliminary injunction *before* April 25, 2025. That request was granted, and that hearing was set for April 23, 2025. Simply put, counsel's (some who are counsel of record in both cases) time crunch was, to some extent, self-imposed. Therefore, the hearing scheduled for April 25 will not be continued as Chapter 73 requests.

Regarding scope of the hearing, it is true that the initial purpose was to evaluate the issues raised in Plaintiff United States Department of Treasury's ("Treasury") Complaint for Declaratory Relief and determine a schedule for the filing of appropriate motions. However, since that time, Treasury has filed a motion for summary judgment and Chapter 73 has filed a motion to dismiss with plans to file its own motion for summary judgment. In light of these filings, the Court will set aside three hours for oral argument and discussion of the issues presented in the case and *now pending* motions. To the extent additional briefing is necessary following oral argument, the Court will set a briefing schedule.

Being sufficiently advised, it is hereby

**ORDERED** that the defendant's motion to clarify [Record No. 18] is **GRANTED** to the extent that the Court addressed the issues raised but **DENIED** to the extent that it again requests a continuance.

- 3 -

Dated: April 23, 2025.

                                                Danny C. Reeves, District Judge
                                                United States District Court
                                                Eastern District of Kentucky